IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN PERRIDON,

    Petitioner,   No. CIV S-00-1123 LKK JFM P

  vs.

ERNIE ROE, Warden, et al.,   <u>ORDER AND</u>

    Respondents.   <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 2, 2005 this matter came on for hearing before the undersigned on petitioner's motions for leave to file an amended petition and to stay this action pending exhaustion of state remedies, and on respondents' motion for summary judgment. Marylou Hillberg, Esq., appeared as counsel for petitioner. John Bachman, Deputy Attorney General, appeared as counsel for respondents.

I. <u>Petitioner's Motion to Amend</u>

      Petitioner seeks leave to amend his petition to delete a Fourth Amendment claim and a claim of prosecutorial misconduct and to add a <u>Batson</u> claim[1] and a claim of ineffective assistance of appellate counsel for failing to raise the <u>Batson</u> claim on direct appeal.

---

    [1] <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

1

Respondents oppose the addition of new claims, contending that petitioner unduly delayed raising the claims and that it is likely the California Supreme Court will reject the claims as untimely. Respondents also contend that the new claims are barred by the statute of limitations.

Petitioner's motion to amend is governed by Fed. R. Civ. P. 15. See, e.g., In re Morris, 363 F.3d 89, 893 (9th Cir. 2004) (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 n.6 (9th Cir. 1998) and 28 U.S.C. § 2242).

> Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We have held that leave to amend, although within the discretion of the trial court, "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." James v. Pliler, 269 F.3d 1124, 1126 (9th Cir.2001). A district court may, however, take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).

In re Morris, at 894. Moreover, under Fed. R. Civ. P. 15(c), new claims "relate back" to the filing of the original petition if the new claims arise "from the same conduct, transaction or occurrence set forth in the original pleading." Felix v. Mayle, 379 F.3d 612, 615 (9th Cir. 2004), cert. granted, Mayle v. Felix, 125 S.Ct. 824 (2005). For purposes of this habeas corpus action, the relevant "conduct, transaction or occurrence" is petitioner's state trial and conviction. Felix, 379 F.3d at 618.

There is no evidence of bad faith, nor do respondents contend that they would be prejudiced by amendment, and petitioner has not previously amended his petition. Respondents contend that petitioner has unduly delayed in bringing the claims and, therefore, that amendment would be futile. However, under Felix, the proposed claims relate back to the filing of the original petition and are therefore timely for purposes of the federal statute of limitations.[2]

---

[2] Although Felix is presently before the United States Supreme Court pursuant to a grant of certiorari review, the panel opinion has not been stayed and is still the law of this circuit. See Yong v. I.N.S., 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

1  Respondents' remaining argument in opposition to amendment is grounded chiefly in
2  anticipation of a procedural default defense that may be raised if the California Supreme Court
3  rejects the claims on untimeliness grounds.  (See Opposition to Motion to Amend Petition, filed
4  May 18, 2005, at 2.)  Anticipation of that potential defense is not, at this stage, sufficient to
5  justify denial of leave to amend.
6  　　　　For the foregoing reasons, petitioner's motion to amend will be granted.
7  II.  Petitioner's Motion to Stay
8  　　　　Petitioner also seeks a stay of this action pending exhaustion of state remedies as
9  to his Batson claim and his claim of ineffective assistance of appellate counsel.  Respondents
10  oppose the motion, contending that petitioner has failed to show "good cause" for his failure to
11  exhaust the claims in state court before raising them in this action, and that the claims are
12  "plainly meritless."  (Respondents' Opposition, at 3-4.)
13  　　　　In Rhines v. Weber, __ U.S. __, 125 S.Ct. 1528 (2005), the United States Supreme
14  Court held that a district court has authority to stay a mixed petition pending exhaustion of
15  unexhausted claims in "limited circumstances," i.e., "when the district court determines there
16  was good cause for the petitioner's failure to exhaust his claims first in state court."  Id. at 1535.
17  The Court also held that it would be an abuse of discretion to stay federal habeas corpus
18  proceedings pending exhaustion of a "plainly meritless" claim.  Id.
19  　　　　Here, the question of "good cause" for the failure to first exhaust the new claims
20  in state court is intertwined with petitioner's claim that his appellate counsel was ineffective in
21  failing to raise the Batson claim on direct appeal.  Considerations of comity dictate that the state
22  courts be first given an opportunity to consider that claim before this court addresses its merits.
23  See Rhines, at 1532-33 (citing Rose v. Lundy, 455 U.S. 509 (1982)).  Moreover, the record
24  presently before this court does not support a finding that petitioner's Batson claim is "plainly
25  meritless."
26  /////

1      For the foregoing reasons, petitioner's motion to stay should be granted and
2 petitioner should be directed to file a motion to lift the stay not later than thirty days after
3 resolution of his unexhausted claims by the California Supreme Court.  See Rhines, at 1535.
4 III.  Respondents' Motion for Summary Judgment
5      Respondents seek summary judgment on the claims in the original petition.  In
6 view of the order and findings and recommendations made herein, respondents' motion should
7 be denied without prejudice.
8      In accordance with the above, IT IS HEREBY ORDERED that:
9      1. Petitioner's May 9, 2005 motion to amend/correct his petition for writ of
10 habeas corpus is granted;
11      2. The Clerk of the Court is directed to file the amended petition lodged with
12 petitioner's motion to amend; and
13      IT IS HEREBY RECOMMENDED that:
14      1. Petitioner's May 9, 2005 motion to stay be granted;
15      2. This action be stayed pending exhaustion of state remedies as to petitioner's
16 Batson claim and petitioner's claim of ineffective assistance of appellate counsel;
17      3. Petitioner be directed to file a motion to lift the stay within thirty days from the
18 date of any order by the California Supreme Court resolving the claims referred to in paragraph 2
19 of this recommendation;
20      4. Respondents' May 18, 2005 motion for summary judgment be denied without
21 prejudice; and
22      5. The Clerk of the Court be directed to administratively close this case.
23       These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after
25 being served with these findings and recommendations, any party may file written objections
26 with the court and serve a copy on all parties.  Such a document should be captioned "Objections

1  to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be
2  served and filed within ten days after service of the objections. The parties are advised that
3  failure to file objections within the specified time may waive the right to appeal the District
4  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: June 3, 2005.

UNITED STATES MAGISTRATE JUDGE

12
perr1123.mta