1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8    STEVEN PERRIDON,

9              Petitioner,              No. CIV S-00-1123 LKK JFM P

10        vs.

11   ERNIE ROE, Warden, et al.,              FINDINGS AND RECOMMENDATIONS

12             Respondents.

13   _____/

14          Petitioner is a state prisoner proceeding through counsel with an application for

15   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents' motion to dismiss came on

16   regularly for hearing May 3, 2007.  Marylou Hillberg appeared for petitioner.  Patrick Whalen,

17   Deputy Attorney General, appeared for respondents.  Upon review of the motion and the

18   documents in support and opposition, upon hearing the arguments of counsel and good cause

19   appearing therefor, THE COURT FINDS AS FOLLOWS:

20                         PROCEDURAL HISTORY

21          Petitioner was convicted on November 21, 1997.  On February 2, 1999, the

22   California Court of Appeal, Third Appellate District, affirmed petitioner's conviction.  (Answer,

23   Ex. A.)  On May 12, 1999, the California Supreme Court denied his petition for review.

24   (Answer, Ex. B.)

25          On May 22, 2000, petitioner filed the instant petition raising three claims:  (1)

26   violation of Miranda v. Arizona, 384 U.S. 436 (1966); (2) a search and seizure claim; and (3) a

1

1 prosecutorial misconduct claim based on the examination of a trial witness.  (Pet. at 1.)

2 Respondents filed an answer on July 31, 2000.

3       On June 3, 2005, petitioner filed an amended petition, which set forth the

4 following three claims:  (1) the same <u>Miranda</u> claim; (2) a new claim under <u>Batson v. Kentucky</u>,

5 476 U.S. 79 (1986); and (3) a new claim of ineffective assistance of appellate counsel for failing

6 to raise the <u>Batson</u> claim on appeal.  (Am. Pet. at 14-17.)[1]  On June 3, 2005, the court granted

7 petitioner's motion to amend and recommended that the action be stayed pending exhaustion of

8 state remedies.[2]  Respondent had opposed the motion to amend on the grounds that (1) petitioner

9 unduly delayed raising the claims; (2) it was likely the California Supreme Court would reject

10 them as untimely; and (3) the new claims were barred by the statute of limitations.

11       On July 8, 2005, respondent filed a motion for relief from the June 3, 2005 order.[3]

12 On July 12, 2005, the district court adopted the recommendation that this action be stayed.  On

13 July 13, 2005, respondent filed a motion for reconsideration of that order.

14       While this action was stayed, petitioner exhausted state remedies.  The state court

15 denied relief on May 10, 2006.  (<u>See</u> Resp.'s Response filed March 16, 2007, at 2 n.1.)

16       On March 21, 2007, petitioner's motion to lift the stay was granted and

17 respondents' motions were denied without prejudice to their right to reassert the statute of

18 limitations defense in a new motion to dismiss.  On March 23, 2007, respondents filed the instant

19 motion to dismiss.

20 ───────────────

21     [1]  Petitioner abandoned the search and seizure claim and the prosecutorial misconduct

22 claim contained in the original petition. (Am. Pet. at 18.)

23     [2]  Relying on the Ninth Circuit decision in <u>Felix v. Mayle</u>, 379 F.3d 612 (9th Cir. 2004), this court held that the new claims related back to the filing of the original petition in this action

24 and thus were not time-barred.  The court found no evidence of bad faith or prejudice.  (Order, filed June 3, 2005, at 2.)

25     [3]  Respondents cited the June 23, 2005 opinion of the United States Supreme Court reversing the Circuit's decision in <u>Felix</u> and adopting a stringent relation back test for habeas

26 petitions.  <u>See Mayle v. Felix</u>, 545 U.S. 644 (2005).

RESPONDENTS' MOTION TO DISMISS

Respondents assert that the two new claims alleged in petitioner's amended petition should be dismissed because they were filed beyond the one-year statute of limitations and do not relate back to any claim alleged in the original petition.  Respondents argue that the Supreme Court's decision in Mayle v. Felix, 545 U.S. 644 (2005), mandates dismissal of the two new claims at issue.

Petitioner does not dispute the contention that the two claims added in June 2005 do not relate back to the claims raised in the original petition.  Petitioner contends, however, that respondent has not presented any authority for the proposition that Mayle should apply retroactively to amended petitions filed before its effective date.  Petitioner also claims he is entitled to equitable tolling of the limitation period.

ANALYSIS

I.  The AEDPA Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the present case, filed in 2001.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

For purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment entered against petitioner on May 12, 1999, became final on August 10, 1999, ninety days after the California Supreme Court denied review on July 19, 2000.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Petitioner did not raise any Batson claims in his state petitions for collateral relief in the year following August 10, 1999.  Thus, the one-year period of limitation ran without interruption from August 10, 1999, until it expired on August 9, 2000.

Petitioner's amended petition was filed on June 3, 2005, almost five years after the statute of limitations expired.  All new claims alleged in the amended petition are barred by the AEDPA statute of limitations unless some other statutory provision applies, equitable tolling is warranted, or the new claims relate back to the original claims.  Petitioner has not argued that any provision of § 2244(d) other than § 2244(d)(1)(A) is applicable, and the court finds that no other provision applies.  Petitioner's argument that Mayle should not be applied retroactively is unavailing.  The decision in Mayle was applied by the Supreme Court to the parties in that case and therefore "must be applied by the courts retroactively to all pending cases not barred by procedural requirements or res judicata." Gray v. First Winthrop Corp., 989 F.2d 1564, 1572 (9th Cir. 1993) (citing James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. at 2448 (1991)).  It must therefore be applied to this case.

4

III.  Equitable Tolling

      The one-year period of limitation contained in 28 U.S.C. § 2244(d) is a statute of limitations subject to tolling.  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Calderon, 128 F.3d at 1288-89.  Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."  Id. at 1289.  See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).

      Even where extraordinary circumstances are shown, equitable tolling will not be available unless the petitioner diligently pursued his claims.  128 F.3d at 1289.  Equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the petitioner's failure to file a timely habeas petition.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The petitioner bears the burden of demonstrating grounds for equitable tolling.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

      In the instant case, petitioner claims he is entitled to equitable tolling of the limitation period due to "uncertainty in the law and subsequent change of the standard for finding a prima facie case of discrimination in jury selection in" a Batson case.  As a corollary of the latter argument, petitioner contends that the Batson claim did not arise until the United States Supreme Court decision in Johnson v. California, 545 U.S. 162 (2005), holding that the standard used by the California courts in People v. Wheeler, 22 Cal.3d 258 (1978), unconstitutionally conflicted with the federal constitutional standard set forth in Batson.

/////
/////

1    However, the decision in Johnson v. California was an interpretation of Batson,

2    not a new rule of constitutional law.  As the Ninth Circuit explained in Boyd v. Newland, 467

3    F.3d 1139, 1146 (9th Cir. 2006):

4           The *Johnson* opinion relies almost exclusively on the wording used
            in the *Batson* opinion; we have concluded that *Johnson* explains
5           *Batson*, [Citation omitted].

6    Id.  The decision in Johnson v. California was also foreshadowed by several years of Ninth

7    Circuit precedent.  See Williams v. Runnels, 432 F.3d 1102, 1105 n.3 (9th Cir. 2006):

8           Our explanation in Paulino is also applicable to this case:

9           We would normally be required to defer to the court of appeal's
            factual finding that there was no prima facie showing of bias.  See
10          Tolbert v. Page, 182 F.3d 677, 682 (9th Cir.1999) (en banc). In
            making this finding, however, the court of appeal explicitly
11          required Paulino to "show a strong likelihood" . . . of bias under
            Wheeler, and did not mention Batson or its inference standard. We
12          have held that the Wheeler standard "is impermissibly stringent in
            comparison to the more generous Batson 'inference' test." Wade v.
13          Terhune, 202 F.3d 1190, 1197 (9th Cir.2000). Thus, "California
            courts in following the 'strong likelihood' language of Wheeler are
14          not applying the correct legal standard for a prima facie case under
            Batson." Id. Because the court of appeal employed the incorrect
15          legal standard in reviewing Paulino's claim, we examine his
            Batson claim de novo. Id.; see also Fernandez v. Roe, 286 F.3d
16          1073, 1077 (9th Cir.2002); Cooperwood v. Cambra, 245 F.3d
            1042, 1046 (9th Cir.2001).

17          371 F.3d at 1090 (footnote omitted).

18

19   Williams v. Runnels, 432 F.3d at 1105 n.3.  Thus, Johnson was not the initial recognition by the

20   Supreme Court of the constitutional right not to have jurors excluded from the jury based on their

21   race so as to permit a delayed start of the limitations period under 28 U.S.C. § 2244(d)(1)(C).

22   Put another way, the rule applied in Johnson was not a "new rule" that started the running of the

23   statute of limitations anew.  Petitioner's Batson claims could have been asserted any time after

24   his conviction, and did not depend on the existence of Johnson.  Accordingly, petitioner is not

25   entitled to have the running of the statute of limitations begin anew and is not entitled to

26   /////

1  equitable tolling under a theory of uncertainty in the law.  Respondents' motion to dismiss should

2  be granted.

3          In light of the above, this action should proceed on the first claim of petitioner's

4  June 3, 2005 amended petition.  Respondents answered that <u>Miranda</u> claim on July 31, 2000.

5  Petitioner will be granted an additional thirty days in which to file a traverse addressing only the

6  <u>Miranda</u> claim.

7          Accordingly, IT IS HEREBY RECOMMENDED that:

8          1.  Respondents' March 29, 2007 motion to dismiss (#42) be granted.

9          2.  The claims alleged as Grounds 2 and 3 in petitioner's amended petition be

10  dismissed and this action proceed on the claims alleged as Ground 1.

11          3.  Within thirty days of any order of the district court adopting the instant

12  findings and recommendations, petitioner shall file a traverse.  At that time the habeas petition

13  will stand submitted.

14          These findings and recommendations will be submitted to the United States

15  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

16  ten days after these findings and recommendations are served, any party may file and serve

17  written objections with the court.  A document containing objections should be titled "Objections

18  to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to

19  file objections within the specified time may, under certain circumstances, waive the right to

20  appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21  DATED:  October 22, 2007.

22

23                                                  _____
                                                    UNITED STATES MAGISTRATE JUDGE

24

25  001;perr1123.mtd

26

7