1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN RAY PERRIDON,
                                      NO. CIV. 00-1123 LKK/JFM
12            Petitioner,

13      v.                            ORDER

14   ERNIE ROE, WARDEN,

15            Respondent.
                                              /
16

17       Pending  before  the  court  is  petitioner's  motion  for

18   reconsideration of the court's December 13, 2007 order dismissing

19   the  claims  entitled  Grounds  2  and  3  in  petitioner's  amended

20   petition  for  a  writ  of  habeas  corpus.  For  the  reasons  stated

21   herein, the court denies the motion.

22                          **I. BACKGROUND**

23       Petitioner  was  convicted  on  November  21,  1997  and  his

24   conviction became final of May 12, 1999. On May 22, 2000, he filed

25   a  petition  for  habeas  corpus  relief  under  28  U.S.C.  §  2254,

26   alleging three grounds for relief. On June 3, 2005, he filed an

                                  1

1  amended petition, which alleged two additional grounds for relief

2  under Batson v. Kentucky, 476 U.S. 79 (1986). On July 12, 2005, the

3  court stayed the action pending petitioner's exhaustion of state

4  remedies. Petitioner was denied state court relief on May 10, 2006.

5  On March 21, 2007, the stay was lifted. Shortly thereafter,

6  respondents moved to dismiss the Batson claims on the grounds that

7  they were untimely. Adopting the magistrate judge's Findings and

8  Recommendations, the court granted the motion in its December 13,

9  2007 order. It is that order of which the petitioner presently

10 seeks reconsideration.

## II. STANDARD

12     "Under the 'law of the case' doctrine a court is generally

13 precluded from reconsidering an issue that has already been decided

14 by the same court, or a higher court in the identical case." United

15 States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing

16 Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied,

17 508 U.S. 951 (1993)). Although motions to reconsider are directed

18 to the sound discretion of the court, see Kern-Tulare Water Dist.

19 v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986),

20 aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th

21 Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of

22 judicial economy weigh heavily in the process.  Thus, Local Rule

23 78-230(k) requires that a party seeking reconsideration of a

24 district court's order must brief the "new or different facts or

25 circumstances...which... were not shown upon such prior motion, or

26 what other grounds exist for the motion."  Generally speaking,

1  before reconsideration may be granted there must be a change in the

2  controlling law or facts, the need to correct a clear error, or the

3  need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

4

5      Motions to reconsider are not vehicles permitting the

6  unsuccessful party to "rehash" arguments previously presented. See

7  Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D.

8  Cal. 1991).  Nor is a motion to reconsider justified on the basis

9  of new evidence available prior to the court's ruling.  See Fay

10 Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash.

11 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990).  Finally, "after

12 thoughts" or "shifting of ground" do not constitute an appropriate

13 basis for reconsideration. See id.  These relatively restrictive

14 standards "reflect[] district courts' concern for preserving

15 dwindling resources and promoting judicial efficiency." Costello,

16 765 F. Supp. at 1009.

17                        **III. ANALYSIS**

18     Petitioner moves for reconsideration on the grounds that

19 AEDPA's one-year statute of limitations should have been tolled as

20 a result of a change in Ninth Circuit precedent regarding the

21 Batson standard. He analogizes his situation to the petitioner in

22 Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008), where the Ninth

23 Circuit held that the petitioner's reliance on circuit precedent

24 regarding whether untimely state post-conviction petitions toll

25 AEDPA's statute of limitations, notwithstanding the Supreme Court's

26 subsequent overruling of that precedent. The Ninth Circuit held

                                3

1 that the "critical fact" that supported equitable tolling in <u>Harris</u>

2 was "that Harris relied in good faith on then-binding circuit

3 precedent in making his tactical decision to delay in filing his

4 federal habeas corpus petition." 515 F.3d at 1055.

5     Unlike <u>Harris</u>, however, petitioner has not shown that there

6 was an intervening, unanticipated change in the law that allowed

7 for his <u>Batson</u> claims, which would warrant equitable tolling. As

8 the magistrate judge explained in the Findings and Recommendations,

9 adopted by this court, petitioner's <u>Batson</u> claims were not created

10 by <u>Johnson v. California</u>, 545 U.S. 162 (2005) because that case did

11 not establish a new rule in applying <u>Batson</u>. Instead, <u>Johnson</u>

12 merely explained <u>Batson</u> and was presaged by a line of circuit

13 precedent extending at least to 2000. <u>See</u> Finding and

14 Recommendations, October 22, 2007, at 6-7. <u>Harris</u>, therefore, does

15 not compel the granting of equitable tolling in this case.

16 Accordingly, the motion for reconsideration is denied.

**IV. CONCLUSION**

18     For the reasons stated herein, petitioner's motion for

19 reconsideration (Doc. No. 49) is DENIED.

20     IT IS SO ORDERED.

21     DATED: August 27, 2008.

22

23     _____
      LAWRENCE K. KARLTON
24     SENIOR JUDGE
      UNITED STATES DISTRICT COURT
25

26

4