IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN PERRIDON,

      Petitioner,                      No. CIV S-00-1123 LKK JFM P

    vs.

ERNIE ROE, Warden, et al.,

      Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's March 23, 2009 denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

        A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

/////

1   court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford,
2   290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

3         Petitioner has made a substantial showing of the denial of a constitutional right in
4   the following issue presented in the instant petition:  whether petitioner's Fifth Amendment
5   rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966) were violated.  Thus, the
6   court will issue a certificate of appealability as to petitioner's Miranda claim.

7         In addition, petitioner seeks a certificate of appealability as to the court's
8   dismissal of petitioner's second and third claims as barred by the statute of limitations.

9         A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
10  applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
11  § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues
12  satisfy the required showing or must state the reasons why such a certificate should not issue.
13  Fed. R. App. P. 22(b).

14        Where, as here, the claims were dismissed on procedural grounds, a certificate of
15  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it
16  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
17  reason would find it debatable whether the petition states a valid claim of the denial of a
18  constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
19  McDaniel, 529 U.S. 473, 484 (2000)).

20        After careful review of the entire record herein, this court finds that petitioner has
21  not satisfied the first requirement for issuance of a certificate of appealability in this case.
22  Specifically, there is no showing that jurists of reason would find it debatable whether petitioner
23  was entitled to equitable tolling for a period of almost five years.  (October 22, 2007 Findings

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.  Jennings, at 1010.

1  and Recommendations at 4-7.) Accordingly, a certificate of appealability should not issue as to
2  claims two and three.
3          For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's April 20,
4  2009 request for a certificate of appealability is granted in part; a certificate of appealability shall
5  issue as to the denial of petitioner's <u>Miranda</u> claim. In all other respects, petitioner's request is
6  denied.
7  DATED: September 2, 2009.

```
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT
```